# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MARLON THACKSTON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 3:23-cv-01161 |
| | ) |
| **ERIC SCOTT MAULDIN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Marlon Thackston, a state inmate confined in the Sumner County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) ("Complaint") and an amended application for leave to proceed in forma pauperis (IFP). (Doc. No. 8).

The case is before the Court for ruling on Plaintiff's IFP application and for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may apply for permission to file suit without prepaying the required filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 8) is **GRANTED** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average

monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556
2

Case 3:23-cv-01161    Document 9    Filed 05/31/24    Page 2 of 8 PageID #: 57

U.S. 662, 678 (2009)). "[A]t the motion-to-dismiss stage, the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom." Nat'l Rifle Assoc. of America v. Vullo, No. 22-842, 602 U.S. ___, 2024 WL 2751216, at *3 (U.S. May 30, 2024) (quoting Iqbal, 556 U.S. at 678–79). In determining whether such facts and inferences render the Complaint's claims to relief plausible, the Court must afford the pro se Complaint a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims of the Complaint[1]**

Plaintiff claims that his rights were violated when, from April 2021 to January 2023 and beginning again in July 2023, he was unlawfully detained in the Sumner County Jail upon his conviction of drug offenses that followed from his own overdose and resulting hospitalization. (Doc. No. 1 at 5). Specifically, Plaintiff asserts the unlawfulness of his detention and prosecution after his April 2021 overdose because the drugs for which he was prosecuted were only found in

---

[1] The day after the Clerk's Office received the Complaint in an envelope marked "#1 of 2" (see Doc. No. 1 at 12), Plaintiff's submission of 25 pages of evidentiary exhibits was received in an envelope marked "#2 of 2." (See Doc. No. 5 at 26). Those exhibits are considered along with the Complaint for purposes of this initial review. See Hardy v. Sizer, No. 16-1979, 2018 WL 3244002, at *2 (6th Cir. May 23, 2018) (permitting consideration of grievances and other attachments to complaint in conducing PLRA screening) (citing Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008)).

3

the course of the hospital's provision of medical assistance, and "statute 63-1-156" protects one from being "charged[,] convicted[,] or prosecuted when seeking medical assistance." (Id.). He alleges that he spent two years fighting the drug charges against Assistant District Attorney Eric Mauldin, who tried to have Plaintiff sentenced to 30 years. (Id.). After being released from jail with a suspended sentence in January 2023, Plaintiff violated the conditions of his placement in Community Corrections by failing to report at the proper time (see Doc. No. 5 at 2), a failure he attributes to being hospitalized again. (Doc. No. 1 at 4–5). On July 5, 2023, he was arrested for his "Violation of Community Corrections." (Doc. No. 5 at 3). Plaintiff claims that he has been wrongfully incarcerated ever since, given that his "technical violation" of the applicable reporting requirements should have resulted in a sanction of between 15 and 90 days. (Doc. No. 1 at 5 (citing Tenn. Code Ann. § 40-35-311)).

Plaintiff sues Assistant District Attorney Mauldin, Public Defender David Allen Doyle, and Sumner County Circuit Court Judge Dee Gay. (Id. at 2–3). The relief he seeks, based on his need for "psyc[h]iatric treatment due to anxiety from losing everything," is an award of $100,000 in damages. (Id. at 5).

**C. Analysis**

Plaintiff fails to state a viable claim under Section 1983. As an initial matter, while the Complaint (filed in late 2023) can be construed to challenge the lawfulness of Plaintiff's April 2021 arrest,[2] any such challenge would be barred by the statute of limitations. False arrest "is a species of" false imprisonment, which is detention without legal process. Wallace v. Kato, 549 U.S. 384, 388 (2007). A false imprisonment therefore ends, and the statute of limitations for a claim under Section 1983 begins to run, "once the victim becomes held pursuant to such process—

---

[2] Plaintiff does not challenge the lawfulness of his July 5, 2023 arrest, but merely quarrels with the length of his detention in the wake of that arrest.

when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 389. A one-year statute of limitations applies to actions brought in this Court under Section 1983. Tenn. Code Ann. § 28-3-104(a)(1) (establishing one-year statute of limitations for actions for false imprisonment and for actions brought under the federal civil rights statutes); Chase v. White, No. 3:16-cv-01576, 2016 WL 7210155, at *5, 7–8 (M.D. Tenn. Dec. 13, 2016) (applying § 28-3-104(a) to false arrest and imprisonment claims under § 1983). Any claim to damages based on Plaintiff's arrest and initial detention (prior to the institution of legal process against him) in 2021 would therefore be time-barred.

As to the claimed "kidnapping, unlawful[] detaining[,] and holding against [Plaintiff's] will" (Doc. No. 1 at 3) that followed the institution of legal process in 2021, courts recognize a "claim of malicious prosecution under the Fourth Amendment, which encompasses wrongful investigation, prosecution, conviction, and incarceration." Sykes v. Anderson, 625 F.3d 294, 308 (6th Cir. 2010); see also Dibrell v. City of Knoxville, Tennessee, 984 F.3d 1156, 1162 (6th Cir. 2021) ("[F]alse imprisonment ends with the issuance of legal process" and "'[f]rom that point on,' a plaintiff relying on the law of torts to challenge any continuing detention must assert a malicious-prosecution claim.") (quoting Wallace, 549 U.S. at 390); Mills v. Barnard, 869 F.3d 473, 480 (6th Cir. 2017) (finding that "the § 1983 version of 'malicious prosecution' is not limited to the institution of proceedings; it can also support a claim for 'continued detention without probable cause'") (citation omitted). But such a claim based on the wrongfulness of Plaintiff's prosecution and continued detention cannot be brought unless and until criminal proceedings terminate in his favor. Sykes, 625 F.3d at 309 (citing Heck v. Humphrey, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.")); see King v. Harwood, 852 F.3d 568, 578–79 (6th

5

Cir. 2017) (finding that, unlike claims for false arrest or false imprisonment, "a malicious-prosecution claim is not available before the favorable termination of criminal proceedings, nor does the limitations period for such a claim begin until the favorable termination of criminal proceedings"). For these purposes, favorable termination "does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence," but only that it "ended without a conviction." Thompson v. Clark, 596 U.S. 36, 49 (2022).

According to the Complaint and its exhibits, Plaintiff had his suspended sentence to Community Corrections revoked and is currently incarcerated pursuant to an extant judgment of conviction. He therefore fails to state a plausible malicious-prosecution claim, see id., and no other route to damages under Section 1983 is cognizable. See Heck, 512 U.S. at 487 (holding that "when a state prisoner seeks damages in a § 1983 suit," and "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" by being "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

Even if the claims against Assistant District Attorney Mauldin, Public Defender Doyle, and Judge Gay were cognizable, these Defendants are either immune or not properly sued under Section 1983. Plaintiff appears to sue Judge Gay for presiding over his trial on drug charges in 2021 and for ordering that his custodial sentence be reinstated in 2023 for more than 90 days, while attorney Mauldin is sued for vigorously prosecuting Plaintiff when the prosecution should not have been undertaken at all in light of Section 63-1-156 of the Tennessee Code.[3] Both of these

---

[3] Among other things, this provision states that "[a]ny person who is experiencing a drug overdose and who in good faith seeks medical assistance for or is the subject of a request for medical assistance shall not be

6

Case 3:23-cv-01161    Document 9    Filed 05/31/24    Page 6 of 8 PageID #: 61

Defendants are sued in their individual and official capacities. (Doc. No. 1 at 2–3). In their official capacities, both are effectively placeholders for the governmental entity they represent. See Kentucky v. Graham, 473 U.S. 159, 165–66 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity" of which the official is an agent). Because the entity they represent is the State of Tennessee,[4] the Eleventh Amendment bars this action for damages against these Defendants in their official capacities. See id. at 169 ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity.") (citations omitted).

Defendants Gay and Mauldin are likewise immune from suit in their personal capacities. Judge Gay's immunity extends to all actions taken in his judicial capacity except those taken without any basis for exercising jurisdiction. Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994) (citing, e.g., Mireles v. Waco, 502 U.S. 9 (1991)). Prosecutor Mauldin's immunity extends to all actions "intimately associated with the judicial process," even when such actions amount to "unquestionably illegal or improper conduct, including instances where a defendant is genuinely wronged." Price v. Montgomery Cnty., Kentucky, 72 F.4th 711, 719–20 (6th Cir. 2023) (citations and internal quotation marks omitted). There is no indication in the Complaint or its exhibits that either Defendant acted outside of his judicial or prosecutorial function, or in the absence of all

---

arrested, charged, or prosecuted for a drug violation if the evidence for the arrest, charge, or prosecution of the drug violation resulted from seeking such medical assistance." Tenn. Code Ann. § 63-1-156(b).

[4] See Nashville Cmty. Bail Fund v. Gentry, No. 3:20-cv-00103, 2020 WL 1274776, at *9–10 (M.D. Tenn. Mar. 17, 2020) (finding that Davidson County Criminal Court "is an arm of the State of Tennessee"); Thompson v. Tennessee Dist. Attorney Gen.'s Office, No. 3:18-cv-00502, 2018 WL 6181357, at *3 (M.D. Tenn. Nov. 27, 2018) ("District Attorneys General and their assistants prosecute suits on behalf of the State of Tennessee, receive salaries payable out of the state treasury, and therefore are employees of the State of Tennessee.") (citing White by Swafford v. Gerbitz, 860 F.2d 661, 663 n.2 (6th Cir. 1988)).

jurisdiction. Notably, the alleged failure to recognize a criminal defendant's statutory immunity from prosecution for a drug crime would appear to be an action "in excess of authority [that] does not preclude immunity," not an action entirely outside the criminal court's subject-matter jurisdiction, the judicial process, or the prosecutorial function associated with that process. <u>Ireland v. Tunis</u>, 113 F.3d 1435, 1441, 1444–45 (6th Cir. 1997)

Finally, Public Defender Doyle cannot be held liable here because he "is not a state actor for purposes of § 1983." <u>White v. Robertson-Deming</u>, 9 F. App'x 418, 419 (6th Cir. 2001) (finding it "firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity," cannot be sued under § 1983) (citing <u>Polk County v. Dodson</u>, 454 U.S. 312, 321 (1981)).

For all of these reasons, the Complaint must be dismissed.

### III. CONCLUSION

In light of the foregoing, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff's ability to bring a new action for malicious prosecution if and when the criminal proceedings against him terminate in his favor.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

8

Case 3:23-cv-01161    Document 9    Filed 05/31/24    Page 8 of 8 PageID #: 63